UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MILDRED TONYA SEAL                                      CIVIL ACTION

VERSUS                                                  NO. 11-2168

MICHAEL J. ASTRUE, COMMISSIONER                         SECTION "A" (1)
OF SOCIAL SECURITY ADMINISTRATION

**ORDER**

Plaintiff filed objections to the magistrate judge's Report and Recommendation, and those objections were submitted for consideration on June 20, 2012. (Rec. Doc. 20). The Government has not filed a formal response.

In the instant application Plaintiff sought review of the Commissioner's decision to deny DIB and SSI benefits for a period of onset from April 30, 2007. The ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. Plaintiff has lodged numerous objections to the decision, several of which the Court finds meritorious.

First, the Court agrees with Plaintiff's contention that the ALJ's conclusion that Plaintiff's problem with nocturnal urinary frequency was controlled with medication is not supported by substantial evidence. Nothing in the record impugned Plaintiff's testimony that she continues to urinate 3-5 times per night and

how this affects her ability to function cognitively during the day. The only sound conclusion that one can reach is that the condition has somewhat *improved* with medication but not that it is medically controlled so as to render it a non-severe impairment.

Second, the Court is not persuaded that the ALJ gave proper weight to the non-exertional limitations imposed by the severity of Plaintiff's headaches. Unlike the Commissioner, the Court is not willing to simply presume that the ALJ must have considered the headaches because headaches are a common symptom of Chiari Malformation.

Finally, the ALJ went to great lengths to impugn Plaintiff's credibility when denying benefits but the Court finds it perturbing that the ALJ would surmise that Plaintiff must be exaggerating her complaints of pain because she does not take narcotic pain drugs. The Court agrees with Plaintiff's assertion that the ALJ formulated an inappropriate medical opinion when reaching this conclusion.

In sum, the Court is persuaded that Plaintiff has met her burden of establishing disability. Further, the testimony of the Commissioner's vocational expert fails to establish that Plaintiff could maintain any job in light of the abnormal number and length of unscheduled breaks that the employer would be

required to allow, assuming of course that any employer would even hire Plaintiff under such circumstances.

Accordingly;

**IT IS ORDERED** that Plaintiff's Objections (Rec. Doc. 20) are **GRANTED**. The Commissioner's decision is **REVERSED** and this matter is **REMANDED** to the Commissioner for an award of benefits.

June 28, 2012

_____
UNITED STATES DISTRICT JUDGE